STATE of Missouri, Respondent,

v.

Eugene Kelly COUNTS, Appellant.

No. 48585.

Missouri Court of Appeals,
Eastern District,
Southern Division.

April 23, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
June 5, 1985.

Application to Transfer Denied
Aug. 7, 1985.

Kenny Charles Hulshof, Jackson, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRANDALL, Judge.

Defendant, Eugene Kelly Counts, was convicted after a jury trial of stealing. § 570.030, RSMo (1978). He was sentenced as a prior and persistent offender to ten years' imprisonment. On appeal defendant claims the trial court erred in (1) overruling his motion for continuance based on the failure to provide him with a transcript of the preliminary hearing in a timely manner, (2) overruling his motion for continuance which asked for more time to find several witnesses, (3) limiting defense counsel's

voir dire examination concerning defendant's prior criminal record, and (4) in failing to strike a venireman for cause. We affirm.

Since defendant does not challenge the sufficiency of the evidence, it is unnecessary to recount the facts in detail. In short, defendant was convicted of stealing lumber and other materials from the Jennings Lumber Company in Farmington. The State clearly made a submissible case.

Defendant's first two points claim error in the trial court's denial of his motions for continuances. "[A] motion for a continuance is addressed to the sound discretion of the court and the court's action will not be disturbed on appeal unless it clearly appears the court abused its discretion." *State v. Sanders*, 661 S.W.2d 52, 53 (Mo. App.1983). "Before refusal to grant a continuance will constitute an abuse of discretion, a defendant must demonstrate that denial of the continuance prejudiced his defense." *State v. Edwards*, 657 S.W.2d 343, 345 (Mo.App.1983).

■ The first point deals with defendant's motions for continuances which were presented because defense counsel had not received a copy of the transcript of the preliminary hearing. The preliminary hearing was held on June 16, 1983. The court at that time refused defendant's request to personally tape-record the hearing, but the court instead recorded the proceeding on its own device. On July 15, 1983, defendant filed a motion requesting a transcript of the hearing and repeated this request on August 3, 1983. On October 5, 1983, defendant filed a motion to require the court to produce a typewritten copy of the hearing or remand the case for preliminary hearing.

On February 16, 1984, five days before trial, defendant filed a motion for continuance again citing the lack of the transcript. That motion was denied. Defense counsel received the transcript on February 17. Defendant orally renewed his motion for continuance on the day of trial claiming the transcript had been provided in an untimely manner. This motion was also overruled.

At trial, defense counsel was an assistant public defender. The public defender was present at the preliminary hearing, while the assistant was not. Clearly the public defender's office was aware of the preliminary hearing testimony. In addition, as the trial court noted, defense counsel could have listened to the court's tape or had it transcribed at any time. Furthermore, defense counsel did receive the transcript four days before trial. The fact that three of those days included a weekend and a legal Monday holiday are of no importance. Counsel had adequate time to review the transcript. Finding no prejudice, defendant's first point is denied.

■ Defendant next contends the court erred in denying his oral motion for continuance to locate several witnesses. Defendant's failure to file his motion in writing accompanied by affidavit as required by Rule 24.09 is a sufficient reason to deny the continuance. *State v. Diamond*, 647 S.W.2d 806, 808 (Mo.App.1982). Defendant's second point is denied.

■ Defendant's third point alleges error in the limiting of defense counsel's voir dire examination concerning defendant's prior criminal record. Counsel asked the group of potential jurors:

Would [the fact that defendant has prior felony convictions] in and of itself, make it hard for you to judge him just on the evidence that's presented here today? Does anyone believe once a criminal always a criminal?

Counsel elicited affirmative responses from several veniremen. The prosecutor objected, claiming the questioning was too broad. The court then instructed defense counsel to restrict the question:

Phrase your questions that their knowledge that he has prior convictions, can you judge this case and judge him just on the evidence presented and have you formed any predispositions as to his guilt based upon your knowledge of his prior convictions.

Defense counsel was allowed to pursue this line of questioning.

Defendant in his brief states "the court erroneously instructed counsel for the defendant to limit his inquiry to the narrow question of whether the panel had formed any predisposition as to the defendant's guilt based upon sketchy knowledge of the defendant's prior record." We disagree. The court clearly allowed counsel to inquire whether the veniremen could judge the case on the evidence. We cannot see how the court's direction restricted counsel in any way. There is little if any difference between counsel's question and the court's direction.

The general rules of voir dire have been recently summarized in *State v. Smith,* 649 S.W.2d 417, 428 (Mo. banc 1983), *cert. denied,* — U.S. —, 104 S.Ct. 262, 78 L.Ed.2d 246 (1983):

The purpose of voir dire is to enable each party to participate in selection of a fair and impartial jury and to that end, wide latitude is allowed in examination of the panel. During voir dire the defendant should be permitted to develop not only facts which might manifest bias and form the basis of a challenge for cause, but also such facts as might be useful to him in detecting the possibility of bias and intelligently utilizing his peremptory challenges. Nevertheless, the examination of jurors as to their qualifications is conducted under the supervision of the trial court and the nature and extent of the questions counsel may ask are discretionary with that court. Rulings of the trial court during voir dire will be disturbed on appeal only when the record shows an abuse of discretion, and a real probability of injury to the complaining party. (Citations omitted.)

Because the court did not unduly limit counsel's questioning, we can find no abuse of discretion and no injury to defendant. Defendant's third point is denied.

■ Defendant's fourth point claims error in the failure of the trial court to strike for cause Venireman No. 11, forcing defendant to use one of his peremptory challenges. This point is not preserved for appellate review because it was not included in defendant's post-trial motion. Defendant asks us to review for plain error. Rule 30.20. We have reviewed this point and find no error, plain or otherwise.

Defendant claims this venireman gave equivocal responses to questions relating to the defendant's prior convictions.

For the general rules regarding control of jury selection, we again turn to *State v. Smith,* 649 S.W.2d at 422:

To protect the defendant's right to a jury free from objectively demonstrated and subjectively sensed partiality, he must be afforded a full panel of qualified veniremen from which to make his allotted peremptory challenges.... While trial court refusal to sustain a valid challenge for cause constitutes reversible error, it is well established that the trial court has wide discretion in determining the qualifications of a venireman, and its decision thereon will not be distrubed absent a clear abuse of discretion and real probability of injury to the complaining party. A clear line cannot be drawn for all cases as to when a challenge for cause should be sustained; there will be instances in which an appellate court might have done differently but cannot say there was an abuse of discretion; each case must be judged on its particular facts; a determination by the trial judge of the qualifications of a prospective juror necessarily involves a judgment based on observation of his demeanor and, considering that observation, an evaluation and interpretation of the answers as they relate to whether the venireman would be fair and impartial if chosen as a juror. Because the trial judge is better positioned to make that determination than are we from the cold record, doubts as to the trial court's findings will be resolved in its favor. (Citations omitted.)

We set out the entire relevant questioning of Venireman No. 11 here, because "the qualifications of a prospective juror are not determined conclusively by a single response but are made on the basis of the

entire examination." *State v. Smith,* 649 S.W.2d at 425–426.

[DEFENSE COUNSEL]: Would that fact, in and of itself, make it hard for you to judge him just on the evidence that's presented here today? Does anyone believe that once a criminal always a criminal?

[VENIREMAN NO. 11]: I think it would bother me.

\* \* \* \* \* \*

[DEFENSE COUNSEL]: It would affect your ability to be fair today?

[VENIREMAN NO. 11]: I think it would.

\* \* \* \* \* \*

[DEFENSE COUNSEL]: And so you don't feel that you could be fair today, sir?

\* \* \* \* \* \*

[DEFENSE COUNSEL]: Okay, thank you. Miss ... I must ask you the same question?

[VENIREMAN NO. 11]: You said they were unrelated?

[DEFENSE COUNSEL]: Yes, ma'am. The prior convictions—

[VENIREMAN NO. 11]: I could go by what the evidence was you know, just basing it on today's.

[DEFENSE COUNSEL]: So the fact that these prior convictions for unrelated matters does not predispose you or make you have a judgment in your mind already as to his guilt or innocence?

[VENIREMAN NO. 11]: I'm not going to say that in the back of my mind there might not be a doubt, but I can still, I think, go by what the evidence is today.

\* \* \* \* \* \*

[PROSECUTOR]: The defense attorney has talked about the fact that the defendant has some prior felonies. The Judge is going to give you some instructions here today on what your job is. Your first job is to listen to the evidence that I present to make your decision. You haven't heard anything about the case. The question I want to ask you three is can you—right now you haven't heard anything about the case, can you be fair

and listen to the evidence and make a decision in this case on the evidence? That's what the Judge is going to ask you to do and that's what I'm going to ask you to do. Can you do that, number one, listen to witnesses. You haven't heard anything about the case, you don't know anything about it. Do you feel you three can do that?

[VENIREMAN NO. 11]: I can do that.

\* \* \* \* \* \*

[PROSECUTOR]: All right. And if the Judge says to you, ... if you want to be a juror here today you have to be fair and impartial right now and when these convictions come in, you already know about them now, can you use them to balance the credibility of the witness who testifies; can you follow that instruction?

[OTHER VENIREMAN]: I think I can.

[PROSECUTOR]: Now, knowing that, do you think you can be fair here today to the defendant in the sense that you'll make a decision based on the law and the evidence presented to you today?

[OTHER VENIREMAN]: I have doubts in my own mind.

[PROSECUTOR]: All right, I understand.

[VENIREMAN NO. 11]: I'll be all right.

This case is very similar to the circumstances of *State v. Taylor,* 643 S.W.2d 14, 16–17 (Mo.App.1982). There a venireman admitted that a prior conviction of the defendant or witness would probably be in the back of her mind during deliberations. The trial court asked whether the panel could follow an instruction that the prior conviction could only be considered in determining credibility. This court found that since it is proper for a juror to consider a prior conviction as evidence of credibility and the court clarified the law, there was no error in failing to sustain a motion to strike the venireman for cause.

■ Defendant cites *State v. Ealy,* 624 S.W.2d 490, 493 (Mo.App.1981) for the proposition that when a prospective juror gives equivocal answers which reveal uncertainty as to impartiality, the failure of the trial court to further question the juror,

may, in and of itself, constitute reversible error. "If, in response to questions regarding potential prejudice, a venireman gives equivocal answers, the judge has a duty to seek clarification of those answers ... *unless the clarification comes from counsel.*" (Emphasis added.) *State v. Hunt,* 663 S.W.2d 336, 338 (Mo.App.1983). Where a venireman expresses doubt as to the ability to give a defendant a fair trial while being questioned by defense counsel and through the prosecutor's questioning erases the equivocation, a trial court is within its discretion in refusing to strike the venireman for cause. *State v. Harrell,* 655 S.W.2d 849, 850 (Mo.App.1983); *State v. Gray,* 657 S.W.2d 296, 299 (Mo.App.1983).

Here, Venireman No. 11 eventually stated unequivocally she could be fair and make a decision based on the evidence. The trial court did not abuse its wide discretion in refusing to strike her for cause. Defendant's fourth and final point is denied.

The judgment of the trial court is affirmed.

DOWD, P.J., and CRIST, J., concur.