**STATE of Missouri,
Plaintiff-Respondent**

v.

**Michael OLIVER, Defendant-Appellant.**

No. 51015.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 3, 1987.

Motion for Rehearing and/or
Transfer Denied
April 9, 1987.

Application to Transfer Denied
May 19, 1987.

David C. Hemingway, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Elizabeth Levin, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant was convicted by a jury of stealing a credit card device and received a seven year sentence as a prior offender. We affirm.

In an apparent attempt to express his gratitude for the free legal services provided to him by the Public Defender's office, defendant took the wallet of his public defender, Stormy White, when she left her office briefly during a conference with him. The wallet contained several credit cards. Some of these he "fenced" and one he retained for his own use. While using the card he was arrested following which he confessed both orally and in writing to the theft. One of the confessions was made in an affidavit before a judge to enable the police to obtain a search warrant of the fence's business. At trial defendant testified that the wallet was stolen by two women who fenced the cards after he introduced them to the fence. The card with which he was arrested reached his possession through the fence who brought it to defendant so that he could purchase a tire. Defendant was not aware when he received the card that it was one stolen from his lawyer. This and his explanation for the confessions, equally imaginative, were rejected by the jury.

■ On appeal defendant raises three issues. The first is that the trial court erred in failing to grant a continuance because defendant's counsel was not adequately prepared. Trial counsel was defendant's third attorney and the cause had been reset fifteen times. The basis for the motion for continuance was that because of a perceived conflict because the victim was a public defender, the State Special Public Defender had been expected to assign the case to private counsel. Trial counsel was on the staff of the Special Public Defender; the victim was not a member of that staff. The reassignment was not made and trial counsel became aware a week before trial of her obligation to defend. No explanation was offered for the month delay after appointment of trial counsel before she became aware of her obligation to defend. Nothing in the motion for continuance referred to difficulty in locating witnesses, what efforts were made in that direction, what witnesses were available, or what testimony they might give if available. Rule 65.04 requires such factual showings in a motion for continuance.

We do not interfere with the denial of a continuance unless such a denial is clearly an abuse of discretion. *State v. Nave*, 694 S.W.2d 729 (Mo. banc 1985) [3, 4]. It is not the prerogative of counsel to determine the existence of a conflict and upon that determination do nothing further. No satisfactory showing was made of inadequate time to prepare nor was any showing made of what might have been accomplished by further time to prepare. We find no abuse of discretion.

■ Defendant next contends that the state improperly cross-examined him on his prior convictions. We find nothing improper about the cross-examination. Defendant omitted one conviction in his recitation on direct examination and the cross-examination was designed to identify that conviction and to cast doubt on defendant's credibility in omitting it.

■ Lastly, defendant, in reliance on *Batson v. Kentucky*, — U.S. —, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), contends that the prosecution's alleged use of its peremptory challenges to remove the only black venireperson was discriminatory. This case was tried prior to *Batson*. In *Griffith v. Kentucky*, — U.S. —, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) the Court held *Batson* to have retroactive effect to "all cases, state or federal, pending on direct review or not yet final." Neither *Batson* nor *Griffith* addresses the standard to be applied in determining whether a *Batson* issue has been preserved for appellate

review. In *State v. Antwine* (Mo.Sup. en banc No. 67720, Feb. 17, 1987) our Supreme Court outlined at least three classes of cases where the *Batson* issue might be before an appellate court. The case at bar presents the first class set forth in *Antwine*. The record does not reflect the race of any venireman removed by the prosecution. No objection was made to the alleged discriminatory utilization of peremptory challenges at the time of jury selection, nor for that matter at any other time including the motion for new trial. In that posture the defendant has acquiesced to the jury selected and waived the constitutional challenge. *State v. Antwine, supra.*

DOWD and REINHARD, JJ., concur.