**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Betty Jo PROKOPF,**
**Defendant-Appellant.**

**No. 51449.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 4, 1987.

Motion for Rehearing and/or
Transfer Denied Sept. 9, 1987.

Application to Transfer Denied
Oct. 13, 1987.

James C. Ochs, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant appeals from her jury conviction of burglary in the second degree and resultant punishment of a $2,000 fine, half of it stayed pending successful completion of probation. We affirm.

Defendant and two friends went to the home of the victim at four a.m. in September 1985. They broke through the back-door and yelled and screamed and poked at the victim. Police arrived at the home while defendant and her friends were in the kitchen harassing the victim. The victim had previously had an affair with defendant's husband, prior to which defendant and victim had been close friends. There was evidence that defendant and her friends had been drinking prior to the occurrence. Defendant's evidence was that she and her friends had gone to the victim's home to request her to quit calling defendant's husband at his home and at the tavern owned by defendant and her husband. The three were allegedly invited into the home and the victim and defendant were talking when the police arrived. The evidence by the state established that the back door had been physically forced open. Defendant was charged with knowingly entering unlawfully the victim's home for the purpose of committing assault in the third degree.

■ Defendant's point that there was insufficient evidence to support the conviction is clearly without merit. The testimo-ny of the victim, corroborated by the physical evidence and the testimony of the police officer established the elements of the crime. In addition defendant stated after her apprehension at the scene "yeah, we broke into that fat bitch's house. I should have knocked the shit out of her while I had the chance."

■ Defendant next contends that the court erred in failing to admit defendant's exhibit consisting of tape recordings of telephone calls between the victim and defendant's husband made in 1982. It was contended these were relevant to establish bias and hostility of the victim toward defendant and as evidence of a motive for prosecution. The trial court denied admission on the basis of remoteness. Much evidence was before the jury of the strained relations between the women, the reason therefore, and the continuing nature of the hostility up until the time of the incident. We find no error. The ruling was within the discretionary authority of the court. *State v. Burton*, 721 S.W.2d 58 (Mo.App.1986) [7, 8]. Additionally the evidence was cumulative and we can find no prejudice to defendant in its exclusion.

■ Defendant next complains of the verdict-director. The instruction utilized was MAI–CR2d 23.52 which included a definition of the crime of assault in the third degree. It is this appendage of which the defendant complains. Assault in the third degree may be accomplished through any of five different acts. Sec. 565.070 RSMo 1986. The definition utilized hypothesized disjunctively two of those, i.e., purposely places another person in apprehension of immediate physical injury or knowingly causes physical contact with another person knowing the other person will regard the contact as offensive or provocative. An intent to commit either or both of these acts was supported by the evidence. The defendant complains that this submission allows a roving commission to the jury and failed to follow the format of MAI–CR2d 19.06.2. Defendant was not charged with assault which would require the finding of a specific act. She was charged with unlawfully entering the premises with the intent to commit an assault. The objected

to part of the instruction defined for the jury what conduct would constitute an assault. The jury needed only to find that defendant entered with the intent to commit an assault in order to find guilt. It was not necessary that it determine which act defendant intended to commit as it was not *the* act of assault but the intent to commit *an* act of assault which was critical in this burglary prosecution. The definition accurately set forth the statutory definition of assault. There was no error. *State v. Harris*, 636 S.W.2d 403 (Mo.App. 1982) [8, 9].

Finally, defendant premises error on a statement during the prosecutor's final argument that allegedly constituted an indirect reference to defendant's failure to testify. No objection was made at trial or in the motion for new trial. The matter was not preserved. We find no plain error as it is apparent from the context of the argument that the prosecutor was referring to the failure of defendant's witness to deny that the spontaneous statement of defendant made in the witness' presence was made.

Judgment affirmed.

DOWD and REINHARD, JJ., concur.