STATE of Missouri, Respondent,

v.

Eddie LAWRENCE, Appellant.

Eddie LAWRENCE, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 55281, 56709.

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 13, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 14, 1990.

Application to Transfer Denied
June 19, 1990.

David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Christine A. Alsop, Asst. Atty. Gen., Jefferson City, for the State.

DOWD, Presiding Judge.

In this consolidated appeal, defendant challenges both his conviction for tampering first degree, § 569.080, RSMo 1986, and the denial of his Rule 29.15 motion for post-conviction relief. We affirm.

On the night of August 19, 1987, at approximately 4:30 in the morning, Henry O'Sullivan observed someone stealing his pickup truck. He unsuccessfully attempted to follow the thief after asking his wife to telephone the police. When the stolen vehicle report was broadcast over the police radio, two officers enroute to another call immediately observed a truck matching the description of the stolen vehicle and gave chase. The vehicle was first seen approximately three miles from the crime scene in north St. Louis County. The officers drove at a speed of 105 miles per hour to catch the truck, which eventually stopped after crossing the Mississippi river from Missouri into Illinois.

When the officers stopped the truck, appellant was the only occupant. An Illinois police officer also observed the stop. The tumbler on the steering column of the truck had been removed and parts of the tumbler and a screwdriver were found on the seat of the truck.

Appellant was charged with and convicted of tampering first degree and sentenced to ten years imprisonment as a persistent offender. Later, he filed a pro se Rule 29.15 motion claiming ineffective assistance of counsel. A public defender was appointed to represent appellant on this motion, but counsel did not file an amended motion nor request an extension of time within the thirty days after appointment. Rule 29.-15(f). An amended motion was filed on February 23, 1989, more than sixty days after the appointment. The judge denied the motion without an evidentiary hearing. Appellant now appeals from both the trial court and the motion court and those actions have been consolidated pursuant to Rule 29.15(l).

█ Appellant first argues that the trial court erred in holding that the prosecutor's explanations for peremptorily striking three venirepersons were racially neutral.

The trial transcript reveals the following events. After conducting voir dire, the court went off the record and the attorneys presumably made their strikes. Back on the record, the court asked if the seated jury was the selected jury and both attorneys responded affirmatively. The court then dismissed the remaining venire panel. As the people exited the room, the defense attorney requested the opportunity to make a record concerning the peremptory strikes of three venirepersons who he claimed were black.

The court noted that there was no record of the race of the panel; particularly, there was no record of how many blacks were stricken and how many were on the panel at the beginning. To preserve a record for appeal, the court assumed the three stricken jurors were black and the prosecutor gave his reasons for striking them. The prosecutor struck juror # 7 because he thought she might be his wife's doctor; he struck juror # 14 because she taught constitutional law and because she had a negative attitude. Juror # 25 was struck during the prosecutor's group use of his last four strikes: because he had no particular objection to any remaining jurors, he simply began striking from the end of the list until his four strikes were exercised. The prosecutor opined that this process struck one black and three white venirepersons. The court held that the prosecutor's explanations were legitimate and race neutral.

█ We first note that appellant's lack of timely objection to the prosecutor's peremptory strikes effectively waived his right to challenge the jury panel. Because the record does not disclose the races of the venirepersons, the *Batson* issue is not preserved for appeal. *State v. Jones*, 726 S.W.2d 400, 401 (Mo.App.1987). Also, the record does not disclose that appellant made any objection at the time the strikes were made although it does contain an apparent ratification of the jury panel; thus, appellant has acquiesced to the jury and waived his right to raise a *Batson* challenge. *State v. Oliver*, 728 S.W.2d 572, 574 (Mo.App.1987).

Regardless of any waiver, however, appellant was not entitled to have the jury panel quashed because he did not make a prima facie *Batson* case.

■ When attempting to raise a *Batson* challenge, the defendant must make a prima facie case of racial discrimination by showing:

> (1) defendant is a member of a cognizable racial group; (2) the prosecutor has exercised peremptory challenges to remove members of the defendant's race from the venire; and (3) "that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude venire persons from the ... jury on account of their race."

*State v. Kilgore*, 771 S.W.2d 57, 62 (Mo. banc 1989) (quoting *Batson v. Kentucky*, 476 U.S. 79, 96, 106 S.Ct. 1712, 1723, 90 L.Ed.2d 69 (1986)). The state's reasons for making the peremptory strikes is an element of the third factor. *State v. Antwine*, 743 S.W.2d 51, 64 (Mo. banc 1987). In determining if these explanations are merely pretextual, the court should consider the prosecutor's treatment of similarly situated white jurors and any pattern of using peremptory strikes in a racially discriminatory manner. *Id.* at 65.

In the case at bar, the defendant failed to make a prima facie case. Initially, the record is not clear that the state did in fact remove members of the defendant's race from the panel. Even assuming this element was met, the evidence does not indicate that the prosecutor excluded the three venirepersons because of their race. He offered race-neutral explanations for these strikes and there is nothing in the record to indicate that his motives were, in fact, race-related. There is no indication that he treated similarly situated white jurors any differently; in fact, what little information is upon the record indicates that the prosecutor treated similarly situated white jurors in the same manner. The appellant having failed to establish a prima facie *Batson* challenge to the jury panel, the court correctly denied the defendant's motion.

■ Appellant's second point relied on claims the motion court erred in denying his Rule 29.15 motion without an evidentiary hearing "based on the holding the appellant received effective assistance of counsel where his trial attorney failed to meet with him until immediately before trial." Appellant's pro se Rule 29.15 motion claimed that counsel failed to contact him prior to trial despite repeated requests, did not investigate prior to trial, denied appellant access to police reports and initially denied his appointment as appellant's attorney and expressed a desire to withdraw from the case. The amended motion merely went into more detail of appellant's efforts to contact his attorney prior to trial.

This point relied on operates under a misapprehension of facts since the motion court never held that appellant received effective assistance of counsel. Initially, the motion court noted that appellant's amended motion should be disregarded because it was filed out of time,[1] and it was not verified by movant. *Quinn v. State*, 776 S.W.2d 916, 918 (Mo.App.1989). Thus, the court based its analysis on the pro se motion. The court then held that this motion failed to state a cause of action on which relief could be granted because it did not identify any prejudice to appellant from the alleged ineffective assistance.

■ A movant seeking post-conviction relief because of ineffective assistance of counsel must prove both that trial counsel performed deficiently and that this defect in performance prejudiced movant. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc

---

1. Rule 29.15(g) provides that an amended motion must be filed within 30 days after counsel is appointed. Counsel may request an extension of time, but this extension may not exceed thirty days. On January 26, 1989, motion counsel requested an additional thirty days to file an amended motion and this motion was granted. The motion was made after the original thirty day period had expired and extended filing time beyond the maximum sixty day period. After the motion was granted, there was a change of judge and the new judge properly disregarded this extension of time since the original motion judge had no authority to enter the order. *Sloan v. State*, 779 S.W.2d 580, 582 (Mo. banc 1989).

**732**

1987). To show prejudice, movant must establish a reasonable probability that had counsel offered effective assistance the result of the trial would have been different. *Mills v. State*, 757 S.W.2d 630, 634 (Mo. App.1988). When a movant complains of counsel's unpreparedness and lack of desire to try the case, he must show what evidence or defenses would be revealed by better preparation. *Clark v. State*, 690 S.W.2d 828, 829 (Mo.App.1985).

Appellant has patently failed to meet his burden of proof in this case. His motion identifies no additional evidence or theories that could have changed the outcome of the trial. The only allegation of prejudice appears for the first time in appellant's brief where he claims that counsel's lack of contact deprived him of the chance to make an informed decision on whether to plead guilty or go to trial. Even this claim is refuted by the record, however. At a pretrial hearing, appellant stated that his attorney had informed him of the state's offer of four years, had advised him this was a good offer and had informed him that if found guilty at trial he would be sentenced by the court as a persistent offender for up to fifteen years imprisonment. Appellant also stated that he would plead guilty to a one year sentence, but was not interested in the state's four year offer. The motion court correctly held that appellant failed to meet his burden of proof by failing to produce any non-conclusory claims of prejudice that were not refuted by the record.

Both the judgment of the trial court and the denial of appellant's Rule 29.15 motion are affirmed.

SIMON, C.J. and JOSEPH J. SIMEONE, Senior Judge, concur.