STATE of Missouri, Plaintiff–
Respondent,

v.

Roger Dale JOHNSON, Defendant–
Appellant.

Roger Dale JOHNSON, Plaintiff–
Appellant,

v.

STATE of Missouri, Defendant–
Respondent.

Nos. 16227, 16897.

Missouri Court of Appeals,
Southern District,
Division One.

July 12, 1991.

trolled substance. § 195.020, RSMo 1986. A jury found him guilty and assessed his punishment at imprisonment for a term of ten years. Defendant was sentenced to serve the punishment assessed by the jury. Defendant filed a motion for post-conviction relief pursuant to Rule 29.15. The Rule 29.15 motion was denied following evidentiary hearing. Defendant appeals from the judgment of conviction in the criminal case and from the order denying his Rule 29.15 motion. This court affirms.

Defendant does not challenge the sufficiency of the evidence upon which the jury found him guilty. His complaints on appeal are directed to the trial court's denial of a motion for continuance and to the motion court's finding that he received effective assistance of counsel in his criminal case. The facts recited hereafter are limited to those necessary to decide the issues presented.

Defendant was arraigned on the criminal charge September 7, 1988. He requested and was permitted to appear for arraignment without an attorney. His case was set for trial on November 15, 1988. Notice of the trial setting was sent to the prosecuting attorney, to defendant, and to an attorney in private practice who defendant had told the court was representing him in the criminal case. The private attorney thereafter notified the court that he did not represent defendant. The criminal case was not tried on the November 15 trial date for the reason that defendant had not employed counsel. On November 17, 1988, the case was reset for trial on January 12, 1989.

Records from the trial court disclose that defendant submitted an application for representation by a public defender on November 8, 1988. That application was sent to William Stewart, the public defender for Cedar County that same day.

On January 12, 1989, the public defender, Mr. Stewart, appeared with defendant. Stewart acknowledged that he had been appointed to represent defendant. He stated that although court records showed a copy of the application for public defender

Rosalynn Koch, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PER CURIAM.

Roger Dale Johnson (defendant) was charged with selling marijuana, a con-

services was mailed to him in November 1988, "I don't recall that." Stewart told the trial court, "I have talked to Mr. Johnson then I actually entered an appearance in this case on, I believe, January 4th of 1989."

Mr. Stewart had filed a motion for continuance on January 11, 1989, the day before the trial date. He also filed another motion for continuance the morning of trial, January 12, 1989. With respect to the second motion, he told the trial court, "I also filed a Motion For Continuance this morning based on the unavailability of a key witness. That witness is here today, Cozetta Johnson, and so I guess the second motion I filed is probably moot at this point but the first motion is basically stating that from the time I entered my appearance in this case I haven't had adequate time to properly prepare an adequate defense for Mr. Johnson."

The trial court inquired whether the defendant had been in jail at Bolivar, the place where Mr. Stewart resided. Stewart stated, "That's correct." The trial judge asked how long defendant had been in jail. The defendant replied, "Your Honor, I've been incarcerated in jail since November the 7th." The inquiry continued:

> THE COURT: November. And do I understand that the witnesses you subpoenaed for the Defense for today are here?
>
> MR. STEWART: Cozetta Johnson is here. I'm not sure whether Lana Gray is here yet.

Defendant presents two points on appeal. The first is directed to his criminal trial. The second is directed to his Rule 29.15 motion.

■ The first point on appeal contends that the trial court abused its discretion in overruling defendant's motion for continuance. Defendant claims, as a result of the motion being overruled, "[defendant's] attorney was forced to go to trial without

sufficient time to prepare the case"; that this resulted "in inadequate time to prepare, thus depriving [defendant] of a fair trial."

The motion for continuance that was considered was the one filed January 11, 1989, the day before the trial. As was acknowledged by defendant's trial counsel, the second motion for continuance—the one filed the day of trial—was moot for the reason that it was directed to the need to secure the presence of "an essential and necessary material witness," Cozetta Johnson. Ms. Johnson was present the morning of the trial.

The motion for continuance that was considered and overruled by the trial court requested a continuance in order for defendant's trial counsel to have "adequate time" to prepare for trial. It recited the facts regarding defendant's having been without counsel prior to requesting services of a public defender; that the public defender did not receive information relative to defendant's case from the prosecuting attorney until "January 7, 1988 [sic]"; and that there had been "inadequate time to locate and subpoena witnesses on behalf of the Defendant, Roger Dale Johnson."

The motion did not identify any witness to be subpoenaed nor did it indicate the nature of any testimony that was not then available but would be available at a later date. It was signed by defendant's attorney.

■ Rule 24.09 states:

> An application for a continuance shall be made by a written motion accompanied by the affidavit of the applicant or some other credible person setting forth the facts upon which the application is based, unless the adverse party consents that the application for continuance may be made orally.

No affidavit was filed with the motion for continuance.[1] Failure to comply with the

---

1. A statement entitled "Affidavit in Support of Motion for Continuance" purportedly signed by defendant but not notarized is included in the legal file in this case. That statement appears in the legal file between the motion for continuance that was filed January 11, 1989—the one the trial court considered—and the motion for continuance that was apparently filed January 12, 1989, that had become moot by reason of the appearance of the witness whose anticipated

rule that prescribes the means for requesting a continuance is sufficient grounds for denying the request. *See State v. Cuckovich*, 485 S.W.2d 16, 21 (Mo. banc 1972). *See also State v. Counts*, 693 S.W.2d 143, 144 (Mo.App.1985).

It is appropriate, nevertheless, to consider the facts relative to the motion for continuance that was denied. In discussing the status of the case before denying the request for a continuance, the trial court asked defendant's attorney, "If the Court were to continue it two or three weeks are you saying you'd have other witnesses or are you at this time saying you'd do anything different other than just saying you'd have more time to get ready?" The attorney answered, "Mr. Johnson indicates if we had additional time there might be some additional witnesses." The court then asked if the defendant had informed the attorney of any other witnesses that he wanted subpoenaed. The attorney for defendant did not identify additional witnesses. He told the court that defendant's defense included representation by defendant that he had made a trip to "Casey's" on February 4 (the date of the offense) and that defendant "believes that possibly with additional time there might be someone who saw he and Mr. Gray there at Casey's together." The attorney concluded, "[W]e can't say for sure there is such a person, but that's the basis of a possible witness."

In considering the motion for continuance, the trial court pointed out that there had been a preliminary hearing "back in June or July"; that defendant told the associate circuit judge that presided over the preliminary hearing that he did not have an attorney but had talked to several and had not hired one yet and that he wished to represent himself at that point. The trial court further noted that when defendant had been arraigned after being bound over for trial, defendant identified an attorney by name who "was going to represent him." Upon being notified of the trial date, that attorney notified the court that he did not represent defendant—he did not know why he was sent notice of the trial setting. The trial court further noted that sometime later defendant asked for "a public defender's form." The completed form was received by the trial court from defendant and mailed to the public defender, Mr. Stewart, November 8, 1988. The trial court inquired further of Mr. Stewart:

[THE COURT]: ... Of course, what we're saying is, "Well, if I'm out of jail and if you give me more time I might come up with someone that might have seen me at Casey's with Stanley Gray." I don't—those all seem to be awful iffy after we've gone almost a year here. We've got a jury that's been waiting out here for almost an hour to go to trial. It's my understanding that, of course, Mr. Stewart you knew at least several days ago that this was a first out position, isn't that correct?

MR. STEWART: January 10th.

THE COURT: And you talked to the Defendant?

MR. STEWART: Yes, I talked to him the 9th, the 10th, and the 11th.

THE COURT: And you subpoenaed two people that you felt would be necessary to defend the case?

MR. STEWART: Yes, we did subpoena everybody we could come up with at this point.

THE COURT: Well, Court's going to overrule the Motion For Continuance and bring the jury in.

[T]he granting or denial of a motion for continuance is within the sound discretion of the trial court. A very strong showing is required to prove trial court abuse of discretion in denial of a motion for continuance, and the party requesting the continuance bears the burden of showing prejudice resulted by such denial. [Citations omitted.]

*State v. Nave*, 694 S.W.2d 729, 735 (Mo. banc 1985).

The circumstances in this case with respect to defendant's appointed counsel's

---

absence was the basis for the second motion. The statement has no date stamp showing when it was filed in the trial court. Its contents, however, refer to facts relative to the second motion for continuance—the one not presented to the trial court because of mootness.

preparation are similar to the circumstances in *State v. Oliver*, 728 S.W.2d 572 (Mo.App.1987). In *Oliver* there had been continuances or resetting of proceedings. The public defender had a perceived conflict in representing Oliver and, therefore, referred the case to the "Special Public Defender." The reassignment of the case to the Special Public Defender was not made until a week before trial although the case had apparently been referred to the public defender a month earlier for purposes of providing representation for the defendant. 728 S.W.2d at 573. The Special Public Defender requested a continuance. The trial court denied the request. The eastern district of this court acknowledged, "We do not interfere with the denial of a continuance unless such a denial is clearly an abuse of discretion." *Id., citing State v. Nave, supra.* The court held, in *Oliver:*

> No satisfactory showing was made of inadequate time to prepare nor was any showing made of what might have been accomplished by further time to prepare. We find no abuse of discretion.

728 S.W.2d at 573.

It has been held not to be an abuse of discretion to refuse a continuance to allow counsel additional time on the speculative basis that information might be discovered that could be used to impeach a witness. *State v. Haggard*, 619 S.W.2d 44, 46 (Mo. banc 1981), *cert. dismissed*, 455 U.S. 930, 102 S.Ct. 1297, 71 L.Ed.2d 474 (1982), *vacated and remanded on other grounds*, 459 U.S. 1192, 103 S.Ct. 1171, 75 L.Ed.2d 423 (1983).

In this case defendant's appointed counsel had subpoenaed all the witnesses that had been made known by defendant whose testimony would assist in defending the case. The possibility that other witnesses might be found who would be helpful to defendant's case was speculative. Defendant failed to show that the trial court abused its discretion in denying defendant's motion for continuance. Defendant's first point is denied.

Defendant's second point on appeal is directed to the motion court's order denying his Rule 29.15 motion. Defendant contends that he was denied effective assistance of counsel in his criminal case because his trial counsel failed to investigate defendant's absence from his work place "at or around 1:00 p.m. on February 4, 1988." Defendant contends that the showing of his absence at that time would have enabled defendant to assert "a defense that Stanley Gray was mistaken as to events occurring that day that would have created a reasonable possibility of a different result at trial."

Stanley Gray was the person to whom defendant had sold marijuana. Gray was assisting the Cedar County Sheriff's Department in a drug operation. Stanley Gray testified at trial that he "ha[d] contact" with defendant on February 4, 1988, "around between twelve and one o'clock" at defendant's place of employment. Gray testified that he asked defendant if he could buy some marijuana; that defendant said he could and defendant told Gray to meet him at his home that evening. Gray testified that he went to defendant's home that evening and purchased marijuana from defendant. Gray had a radio transmission device on his person at the time of the transaction. A tape recording of the events that occurred during the course of the sale was made from the transmissions generated by the device. The tape recording was played to the jury at defendant's criminal trial.

Defendant contends, however, that he was not at work on February 4, 1988, and that defendant's trial counsel was ineffective for failing to locate witnesses to prove that point. Defendant complains that his trial counsel should have located Bob Ahart and Bearl Counts and should have called them as witnesses at the criminal trial. Defendant contends that these witnesses would have shown defendant was not at work on February 4, 1988, when Stanley Gray claimed he contacted defendant there.

Bob Ahart was defendant's employer. He testified at the evidentiary hearing before the motion court that defendant had been given a day off from work in February 1988 in order that defendant could go

to Stockton and apply for a marriage license. Ahart testified that he did not recall seeing defendant at work on the day that defendant had been allowed off from work. However, Ahart did not remember the date when defendant was off from work. Although Ahart did not remember the date, he did remember it was the day defendant applied for a marriage license.

Bearl Counts testified at the evidentiary hearing before the motion court. Counts was an employee of the Stone County office of the Missouri Division of Family Services (DFS). He produced records from his office showing that "Cozet C. Smith" had signed applications for income maintenance and food stamps on February 4, 1988. Cozet C. Smith was referred to in later records as Cozetta Johnson. The applications were made in Stockton, Missouri.

At the trial of his criminal case, defendant testified that he had not gone to work on February 4, 1988. He testified that he and Cozetta Johnson went to Stockton, Missouri, on that date and applied for a marriage license. Defendant testified that he and Cozetta Johnson also went to the "Family Service office up [t]here." Defendant testified that he saw Stanley Gray on February 4, 1988, "that evening about six or so" when Gray came to defendant's house.

Defendant testified at the evidentiary hearing on his Rule 29.15 motion that he had mentioned Bob Ahart to his trial counsel before the trial of the criminal case. The information that defendant provided was that Ahart did not remember the date when defendant had not worked. At the criminal trial, defendant's wife had testified that February 4 was when she had applied for benefits from DFS. During the course of the criminal trial, defendant telephoned Ahart and asked Ahart to come to court. Ahart was painting a car and did not come. No subpoena for Ahart was issued nor requested. The motion court, in its conclusions of law, stated:

Evidence that corroborated the testimony of Roger Johnson and Cozetta Johnson that was presented at trial was the Application for License to Marry dated February 4, 1988, and the tape of the alleged sale where Stanley Gray asked of Roger "did you go to work today?". The response was "No. It was three o'clock before I got...." Movant's attorney William Stewart cross-examined Stanley Gray extensively concerning his testimony that he saw Roger Johnson at work between noon and 1:00 p.m. on February 4, 1988, and why then would he ask him the question on the tape "Did you go to work today?". The evidence presented by William Stewart supporting the testimony of Roger Johnson and Cozetta Johnson concerning whether Roger Johnson was on the premises of R & J Body Shop between 12:00 p.m. and 1:00 p.m. was much more probative than the inconclusive evidence from possible witnesses Bob Ahart and Vearl [sic] Counts. Further, the inconsistencies in the testimony of Stanley Gray hoped to be proven by the testimony of Bob Ahart and Vearl [sic] Counts are concerning collateral matters and not the actual commission of the crime. Concerning the facts and circumstances testified to that comprise the elements of the crime, none of the proposed new evidence contradicts the testimony of the State's witnesses or supports the testimony of Roger Johnson and Cozetta Johnson. Further, it is clear that Movant and his counsel were aware that Bob Ahart was a potential witness and could have taken steps to obtain his testimony at trial. After Movant talked to Bob Ahart on the phone during the trial, no action was taken to obtain his testimony, and it would appear that a tactical decision was made that his testimony was not sufficiently beneficial to make the effort to have him appear.

The motion court concluded:

Movant must prove prejudice to have the Court vacate his conviction and grant a new trial. In the months since the trial, Movant has been unable to locate additional evidence not presented by Mr. Stewart other than witnesses Bob Ahart and Vearl [sic] Counts. The Court has found that these witnesses would not have aided Movant's case. Therefore, Movant has not established grounds for

his relief prayed by a preponderance of evidence as required by law.

In reviewing the determinations of the motion court with respect to defendant's claim of ineffective assistance of counsel, this court considers (1) counsel's performance and (2) if that performance is found to be deficient, i.e., not within reasonably professional norms, whether prejudice resulted from counsel's breach of duty. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Sanders v. State,* 738 S.W.2d 856, 857–58 (Mo. banc 1987). This court's consideration of those factors, however, is limited to a determination of whether the motion court's findings and conclusions with respect thereto are clearly erroneous. Rule 29.15(j).

The motion court found that the testimony of the witnesses defendant asserts should have been called—Bob Ahart and Bearl Counts—would not have aided defendant's case. That conclusion represents a finding that defendant was not prejudiced; that no reasonable probability exists that the result in defendant's criminal case would have been different had those witnesses testified. *Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. at 2064. The motion court's findings and conclusions are not clearly erroneous. Defendant's second point is denied.

The judgment of conviction in case number 16227 is affirmed. The order dismissing the Rule 29.15 motion in case number 16897 is affirmed.

All concur.